IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JINJIE YE,

     Petitioner,

v.                                           No. 2:26-cv-01648-KG-DLM

MARKWAYNE MULLIN, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Jinjie Ye's Petition for a Writ of Habeas Corpus, Doc. 1. The Court ordered the Government to answer the petition by June 5, 2026, Doc. 3, but the Government failed to do so. The Court therefore considers the petition on the existing record. For the reasons below, the Court grants the petition and orders Petitioner's immediate release.

### I.    *Background*

Petitioner, a native and citizen of China, entered the United States without inspection or parole in 2023. Doc. 1 at 2. Upon entry, Immigration and Customs Enforcement ("ICE") briefly apprehended but ultimately released him. *Id.* Shortly thereafter, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (a "Form I-589"). *Id.* For the past three years, Petitioner has resided in Carlsbad, New Mexico and complied with all immigration court requirements. *Id.* He has no criminal history. *Id.*

On May 19, 2026, ICE agents rearrested Petitioner and took him into custody at the Otero County Processing Center in Chaparral, New Mexico. *Id.* He has not received a bond hearing and is awaiting an individual merits hearing on his I-589 application, scheduled for December 1, 2026. *Id.* at 2–3.

1

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") because it authorized by § 1225(b)(2) and is not he has not been afforded a bond hearing as required by 8 U.S.C. § 1226(a). *Id.* at 13. He also claims that his detention violates the Due Process Clause because he has been deprived of a protected liberty interest without any individualized assessment. *Id.* at 14–15. He seeks an individual bond hearing in front of an neutral adjudicator. *Id.* at 16.

## II.    Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    Analysis

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    Petitioner's detention violates the INA.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are treated as "[noncitizens] seeking admission into the country." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Absent exceptions irrelevant here, § 1225 "mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

2

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303.  Section 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with the majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[1]  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts).  Petitioner has resided in the United States for three years, and DHS is in the process of adjudicating his asylum claim.  Doc. 1 at 2.  Until the agency completes that process, there has been no final determination "whether [Petitioner] is to be removed," and his detention remains governed by § 1226(a).  *See Jennings*, 583 U.S. at 303.

**B.      *Petitioner's detention violates the Due Process Clause.***

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533

---

[1] The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a).  *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026).  The Fifth and Eighth Circuits have reached the opposite conclusion.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)*.*  The Tenth Circuit has not yet addressed the question.

U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Because § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  His continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

### C.      The proper remedy is release.

The Court next considers the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given Petitioner's prolonged detention without a bond hearing, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

*IV.*    *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Unless an immigration judge issues a final order of removal, the Government is enjoined from redetaining Petitioner absent a predetention hearing at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.